NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TONY DEROSA-GRUND,

Plaintiff,

v.

LARRY THE LENDER LLC,

Defendant.

Civil Action No. 25-16178 (RK) (TJB)

**MEMORANDUM ORDER**

**THIS MATTER** comes before the Court upon an Order to Show Cause issued to *pro se* Plaintiff Tony DeRosa-Grund on October 3, 2025. (ECF No. 6.) The Court required Plaintiff to "within fourteen (14) days . . . show cause by written submission of no more than five (5) pages why venue is proper in this District under 28 U.S.C. §1391(b)." (*Id.*) To date, Plaintiff has failed to show cause and appears to have instead filed a near-duplicative lawsuit in the United States District Court for the Southern District of Texas. *See DeRosa-Grund v. Larry the Lender LLC*, No. 25-324 (S.D. Tex.).

Pursuant to 28 U.S.C. § 1391, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)–(2). Here, Plaintiff alleges that Defendant Larry the Lender LLC ("Defendant") is a Texas limited liability company headquartered in Houston, Texas. (ECF No. 1 at 13.) Further, a substantial part of the events at-issue, as well as the property at-issue, are based in Texas: this suit involves Defendant's foreclosure of Plaintiff's home located in Surfside Beach, Texas, and a loan that was

executed and primarily serviced while Plaintiff resided in Texas. (*Id.* at 4–5, 13.) Indeed, Plaintiff concedes that "Texas has the most significant relationship to the transaction." (*Id.* at 11.)

Plaintiff's only tie to New Jersey is that he has resided here for the last 30 months to undergo medical treatments that have rendered him unable to travel. (*Id* at 8–9.) During these 30 months, Plaintiff alleges Defendant has directed "servicing and collection communications" to Plaintiff in New Jersey. (*Id.* at 9.) Yet, venue is not proper under 28 U.S.C. §1391(b)(1) because Defendant is not domiciled in New Jersey, and venue is improper under 28 U.S.C. § 1391(b)(2) because (i) the property that is subject to the action is not located in New Jersey, and (ii) a "substantial" part of events in this case—including execution of the loan and at least four-and-a-half years of servicing the loan—occurred in Texas, not New Jersey.

Having determined that venue is improper in this District, the Court must decide whether to dismiss the case, or, "in the interest of justice," transfer the case to "any other district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Griggs v. Swift Transportation Co., Inc.*, No. 17-13480, 2018 WL 3966304, at *3 (D.N.J. Aug. 17, 2018) ("If the Court finds that the original venue is improper, it may either dismiss or if it is in the interest of justice, *sua sponte* transfer the case to a proper district."). Here, it appears that the Complaint may have been brought in the Southern District of Texas, as that is where Defendant is domiciled and where the property at-issue is located. Thus, particularly given Plaintiff's *pro se* status and the fact that the Southern District of Texas already has substantively-similar litigation before it, the Court finds that it is in the interests of justice to transfer this case. *See, e.g., Rose v. Allegheny Cnty. Off. of Dist. Att'y*, No. 11-2356, 2011 WL 13585766, at *2 (M.D. Pa. Dec. 22, 2011) ("[A]n order transferring this case . . . also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action."); *Miller*

*v. Careminders Home Care, Inc.*, No. 13-5678, 2014 WL 1779362, at *5 (D.N.J. Apr. 30, 2014) ("Given the pending and substantially related action in [another district], the Court finds that transfer of the present action is warranted.").

Therefore, it is on this 22nd day of October, 2025,

**ORDERED** that the Clerk of the Court shall **TRANSFER** this action to the Southern District of Texas; and it is further

**ORDERED** that the Clerk of the Court **CLOSE** this case.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

3